

**Jodyann Galvin**
Partner
Direct Dial: 716.848.1520
jgalvin@hodgsonruss.com

June 25, 2025

Honorable Philip M. Halpern
United States District Court, Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas St., Room 530
White Plains, NY 10601-4150

Dear Judge Halpern:

    Re:    ***Red Hook Boat Club, Inc. v. The Town Board of Red Hook, et al.***
            Case No.: 7:25-cv-03647-PMH
            <u>Pre-Motion Letter under Judge Halpern's Individual Practices</u>

    Defendants write pursuant to this Court's Individual Practices in Civil Cases, 2(C) and 4(C) to request a pre-motion conference address defects in Plaintiff's complaint which require its dismissal. The parties have complied with the required exchange of letters. Plaintiff alleges harm stemming from the adoption of Local Law No. 1 of 2025 by the Town Board of Red Hook because, according to Plaintiff, this Zoning Amendment "removed Marinas as a permitted use under the Town of Red Hook's zoning code and imposed onerous new restrictions on the Club's longstanding waterfront operations." Complaint ¶ 2. Plaintiff's complaint is, at best, premature. Defendants dispute Plaintiff's claims and characterizations, particularly whether the Plaintiff was ever a "marina" under the Zoning Code as its size was too small. Plaintiff commenced a proceeding in New York Supreme Court, making many of the same allegations as in this case and can be afforded relief there (to the extent any is available). *See* Complaint ¶ 3 and Ex. 2.

<u>**Plaintiffs' Allegations Suffer From Lack of Ripeness, Standing and Injury:**</u>

A claim is ripe for review only if it presents "a real, substantial controversy, not a mere



June 25, 2025
Page 2

hypothetical question [not] if it depends upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013). Standing under Article III requires a plaintiff to have suffered an "injury in fact" that is "concrete and particularized, and actual or imminent." *See id*. at 688-89; *see also Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016). "[P]ossible future injury" is insufficient. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014). Here, there is no dispute ripe for adjudication and no injury.

Plaintiff speculates that the Town will complete the condemnation process, a far cry from an injury or imminent threat. Plaintiff's operations here have not been interrupted, and there has been no taking. The Town Board must issue Findings and Determinations, prevail in any litigation challenge and then make a separate determination to proceed, which it has three years to do. *See* N.Y. EM. DOM. PROC. LAW §§ 204(A), 207, 401. Until *all* of these acts are completed *and* a court awards title to the Town, Plaintiff has no injury and also no standing. There is therefore no dispute for this Court to address until that process is complete (and even then it should be adjudicated in state court). And there certainly cannot be retaliation by an uncompleted act.

Plaintiff admits that it is already a prior non-conforming use which would render it constitutionally protected "even though an ordinance may explicitly prohibit such activity," *Buffalo Crushed Stone Inc. v. Town of Cheektowaga*, 13 N.Y.3d 88, 97 (2009)). Plaintiff does not allege any impact on the activities or operation of the Boat Club, because there has been none. There is no injury and no subject matter jurisdiction.

June 25, 2025
Page 3

**<u>The Court should abstain from hearing the dispute:</u>**  The federal claims rest on the alleged illegality of the Town's action being challenged in a New York State Supreme Court proceeding. Complaint ¶ 3, Ex. 2. The federal Court should thus abstain from hearing this matter. "Pullman" abstention was established in *Railroad Comm. of Texas v. Pullman Co.*, 312 U.S. 496 (1941) for "cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law." *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 189 (1959).  Abstention is appropriate here because: (1) an issue of state law (both the legality of the Zoning Amendment, and whether it constitutes a downzoning since the Club by its own admission is a protected non-conforming use) is as yet uncertain; (2) resolution of the federal issue depends upon the interpretation of Town action under state law; and (3) the state law is susceptible of an interpretation that would avoid or modify the federal constitutional issue. *See Winters v. Lavine*, 574 F.2d 46, 69 (2d Cir.1978).

**<u>The individual defendants are entitled to absolute immunity from the Section 1983 and 1988 claims:</u>**  Count V of the Complaint asserts violations of 42 U.S.C. § 1983 as a result of "enacting Local Law No. 1 of 2025 and in furthering the Town's efforts to seize Plaintiff's property through eminent domain" and seeks legal fees under § 1988.  Count VI alleges Plaintiffs have been deprived of equal protection by them.  These actions are legislative acts by the Town Board members, and they are therefore entitled to absolute legislative immunity.

The law is well-established, and not accounted for by Plaintiff in its Complaint or pre-motion letter.  "[S]tate and local government officials ... enjoy absolute immunity against



June 25, 2025
Page 4

federal civil claims asserted against them in their individual capacities" for "conduct that falls 'within the sphere of legitimate legislative activity.'" *NRP Holdings LLC v. City of Buffalo*, 916 F.3d 177, 190 (2d Cir. 2019). "'[W]hether immunity attaches turns not on the official's identity, or even on the official's motive or intent, but on the nature of the act in question.'" *State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 82 (2d Cir. 2007).

Legislative immunity applies to actions that are "both: (1) substantively legislative, i.e., acts that involve policy making; and (2) procedurally legislative, i.e., passed by means of established legislative procedures." *Id.* at 89-90. There is no dispute that the two actions challenged by Plaintiff are legislative in nature. The first involves enacting zoning legislation under the authority of New York Town Law Article 16. "[A]cts of voting for an ordinance were, in form, quintessentially legislative." *Bogan v. Scott-Harris*, 523 U.S. 44, 55, (1998); *see also Orange Lake Assocs., Inc. v. Kirkpatrick*, 21 F.3d 1214, 1224 (2d Cir. 1994) (legislative immunity covers master zoning plan and certain zoning law amendments).The second involves determining whether to acquire lands to establish a town park and the method to acquire the required property.

The Town Board is the legislative and policy-making body of town government, with specific authority from the state legislature to acquire lands for a public purpose (a park), by condemnation. N.Y. Town Law § 64(2). Arguments about "intent" do not change the applicability of absolute immunity. The privilege of absolute immunity "would be of little value if [legislators] could be subjected to the cost and inconvenience and distractions of a trial upon a conclusion of the pleader, or to the hazard of a judgment against them based upon a jury's

HodgsonRuss LLP

June 25, 2025
Page 5

speculation as to motives." *Bogan*, 523 U.S. at 54-55 (it is "not consonant with our scheme of government for a court to inquire into the motives of legislators."). Absolute immunity bars the § 1983 and 1988 claims Defendants.

**Plaintiff's position:**  Plaintiff denies that these arguments apply to its Complaint and has not amended. With respect to ripeness, injury, and abstention, Plaintiff offers no authority for its arguments. Even if the Bill of Attainder claim and other "constitutional" claims became ripe upon enactment of Local Law No. 1, there is still no real and present injury at all to Plaintiff (a zoning amendment which does not disturb the existing legal non-conforming use status cannot, as a matter of law, act as a punishment under the Bill of Attainder Clause, nor does it injure property interests protected by the Substantive Due Process Clause ). Further, Plaintiff's allegation of retaliation is cursory, and it cannot sustain a claim against any of the individual Town Board members.

Defendants should be permitted to proceed with a formal motion to dismiss as well as to seek a stay of this action while the motion is pending.

Respectfully yours,

Jodyann Galvin

67284079v2