

**Jodyann Galvin**
Partner
Direct Dial: 716.848.1520
jgalvin@hodgsonruss.com

August 19, 2025

Honorable Philip M. Halpern
United States District Court, Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas St., Room 530
White Plains, NY 10601-4150

Dear Judge Halpern:

    Re:   *Red Hook Boat Club, Inc. v. The Town Board of Red Hook, et al.*
            <u>Case No.:  7:25-cv-03647-PMH – Second Pre-Motion Letter</u>

        This letter responds to Plaintiff Red Hook Boat Club, Inc.'s Notice of Supplemental Authority filed on August 15, 2025 (Dkt. No. 37) which provided this Court with the decision issued in *Red Hook Boat Club, Inc. v . Town Board of the Town of Red Hook*, Index. No. 2025-50908 (the "State Court Decision").  There is no dispute that the State Court Decision bears on the issues before this Court – but it has the directly opposite effect than what Plaintiff argues.

        First, the State Court Decision exemplifies the reasons why this Court should abstain from hearing this dispute until that proceeding is complete and all avenues of appeals and challenges are resolved.  Plaintiff's sudden reliance on the State Court decision is ironic indeed.  Plainiff alleged in the First Amended Complaint "[t]hat pending litigation offers RHBC only limited, administrative relief."  Dkt. No. 33, ¶ 77.  But the annulment of the Local Law means Plaintiff has received *full administrative relief*, unless that annulment is overturned on appeal.  Plaintiff erroneously relies on the State Court Decision as purported evidence of "retaliatory intent and unlawful targeting."  Dkt. No. 37 at 2.  That is unavailing, and Plaintiff's insistence on

August 19, 2025
Page 2



proceeding with a parallel action when it has been afforded full administrative relief is a waste of resources for this Court and the parties.

      Second, the State Court Decision also underscores the lack of ripeness and injury which was twice addressed by Defendants in their pre-motion letters. Plaintiff has admitted that it is a legal nonconforming use which means that Local Law No. 1 of 2025 had no impact and inflicted no injury. Dkt. No. 33, ¶ 37. Now, with Local Law No. 1 of 2025 having been annulled by the State Court Decision, any doubt about lack of ripeness and lack of injury has been removed. Plaintiff urges that its action should be permitted nonetheless. But it should not be rewarded in this Court for its efforts to leapfrog, duplicate, or circumvent its own state court action – particularly because Plaintiff has prevailed there. Plaintiff simply cannot maintain any credible injury and dismissal at the pleading stage, at least at this juncture, is appropriate.

      Respectfully yours,

      */s/ Jodyann Galvin*

      Jodyann Galvin

67810543v1